No. 2910 —SUCCESSION OF CONRAD FOSTER—Application of Claimants of the Estate for Account of Administration and to be put in possession.

If a cause has been regularly set down on the docket for trial, and the plaintiff does not appear, either in person or by attorney, to plead his cause, the defendant may require that judgment of nonsuit be rendered against such plaintiff with costs. C. P. 536.

In such judgment the words " as of nonsuit" are not essential.

APPEAL from the Second District Court, parish of Orleans. *Duvignaud,* J. *McGloin & Kleinpeter,* for plaintiff and appellant. *N. Commandeur,* for defendant and appellee.

TALIAFERRO, J.    D. H. Voss and John D. Voss, alleging that they are the sole heirs of their late brother, J. Conrad Voss, deceased, who was generally called and known by the name of J. Conrad Foster, who died in the parish of Jefferson, Louisiana, in September, 1865, intestate, leaving no heirs in the ascending or descending line, institute this action against Anna Maria Ossing, late widow of Conrad Foster and her present husband Gogreve, to compel the filing of an account by Mrs. Gogreve of her administration of the estate of Foster and to be put in possession thereof as his only heirs. The answer is

a general denial. The defendant excepts that the attorneys who insti-
tuted the suit, were not authorized by the alleged claimants to bring
this action. She avers that she is the sole heir of her late husband Con-
rad Foster, and as such, after having duly administered on his estate,
was put in possession of the same. She avers that, should the plain-
tiffs be recognized as heirs, she would still be entitled to the usufruct
of the estate during her life. She prays that the plaintiffs' pretensions
be rejected and their suit dismissed.

It appears from the record that suit was originally brought by the
plaintiffs against the defendant on the same cause of action in the
district court of the Second Judicial District, but was discontinued by
the plaintiffs and the present suit commenced in the Parish Court of
Jefferson on the ninth of December, 1868. The case was fixed for trial
on the twenty-ninth of April, 1869. In May following, the defendant,
by counsel, filed an exception and motion to dismiss on the ground
that upon discontinuing their suit in the district court, they had not
paid the costs before bringing the present suit. The case was continued
to the twenty-first of May, when the following order, dismissing the
suit, was rendered: "This case, continued to this day, was called up.
Plaintiffs not present, and not represented by their counsel, McGloin
& Kleinpeter; present, N. Commandeur of counsel for defendant; and,
on motion of N. Commandeur, of counsel for defendants, Mr. and
Mrs. Gogreve, it is ordered that this suit be dismissed at plaintiffs'
costs."

A motion for a new trial was filed, the trial of which, it seems, was
fixed on the sixth of October. No action, it seems, was ever taken in
regard to it. On the twenty-third of December the plaintiffs again
brought suit against the defendant on the same cause of action, their
petition being the same as in the second suit which was dismissed.
The defendants again excepted as in the previous case, and, besides,
set up the plea of *lis pendens.* This exception was not tried, and no
further action was taken in regard to it, so far as shown by the records.
On the thirteenth of June, 1870, the plaintiffs took this appeal from
the judgment by which their second suit was dismissed on the twenty-
first of May, 1869.

The plaintiffs contend that if defendant was entitled to a judgment
against them, it was only a judgment of nonsuit, whereas the judg-
ment, not expressing that it was so rendered, may be taken to imply
a rejection of their demand, which might be fatal to their claims. We
regard the judgment complained of as a judgment of nonsuit. Under
the pleadings, the court could have rendered no other judgment. The
action of the court was clearly predicated upon the provisions of
article 536 of the Code of Practice, which directs that "if, after the
cause has been set down on the docket for trial, the plaintiff does not

appear, either in person or by attorney, to plead his cause, on the day fixed for trial, the defendant may require that judgment of nonsuit be rendered against such plaintiff with costs." It was not essential that the words, "as of nonsuit," should have been added.

It is therfore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs. See the case Phillipe Allinet v. His Creditors, 15 An. 130.